# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

In Re: )
)
DANA L. QUIROGA, ) Case No. 2:08-cv-00148-BES-PAL
)
                 Debtor. ) **REPORT OF FINDINGS AND**
) **RECOMMENDATION**

     This matter is before the court on debtor Dana L. Quiroga's failure to prosecute this action, file a Certificate of Interested Parties as required by LR 7.1-1, appear at the July 17, 2008 hearing on an order to show cause (#8), and comply with multiple court orders.

     Having reviewed and considered the matter, the court makes the following findings:

1. Notice (#1) of Quiroga's appeal from a Chapter 13 Bankruptcy case was filed in this court on February 5, 2008.

2. Quiroga, who is appearing *pro se*, did not file a Certificate of Interested Parties as required by LR 7.1-1.

3. The court entered an order (#5) March 13, 2008 notifying Quiroga of the requirement under LR 7.1-1 to file a Certificate of Interested Parties, ordering Quiroga to file such a Certificate by March 16, 2008, and warning that failure to comply might result in an order to show cause why sanctions should not be imposed.

4. On March 31, 2008, the court entered an Order to Show Cause (#6) explaining the purpose and process of filing of a Certificate of Interested Parties, and ordering Quiroga to show cause, in writing, by April 15, 2008, why sanctions should not be imposed for failure to file the Certificate and comply with this court's order (#5).

/ / /

/ / /

5.  The court entered another order (#7) May 8, 2008 directing Quiroga to file a Certificate of Interested Parties by May 20, 2008 and advising that failure to comply would result in the imposition of sanctions up to and including a recommendation to the District Judge that his case be dismissed for failure to comply with the court's orders.

6.  On June 13, 2008, the court entered a second Order to Show Cause (#8) requiring both Quiroga and defendant-trustee Rick Yarnall to show cause, in writing, by July 16, 2008 why sanctions, up to and including case-dispositive sanctions, should not be imposed for their failure to file Certificates of Interested Parties and for Quiroga's failure to comply with multiple court orders.  The court set a hearing in the matter for July 17, 2008.

7.  Yarnall filed a Response (#9) to the Court's Order to Show Cause on July 17, 2008, in which he stated that he had not filed a Certificate of Interested Parties because he was waiting to see if Quiroga intended to prosecute the appeal, since Quiroga did not make any filings in this case after the notice of appeal was entered.  Yarnall attached a Certificate of Interested Parties to his response.

8.  On July 17, 2008, the court held a hearing on the Order to Show Cause (#8) at which Yarnall appeared.  Quiroga did not appear at the hearing.

9.  To date Quiroga has not filed a Certificate of Interested Parties, complied with the court's orders (## 5, 6, 7, 8), or prosecuted this action, and did not appear at the July 17, 2008 hearing on the order to show cause.

10. A Certificate as to Interested Parties, required by LR 7.1-1, is necessary to enable the judges who have been assigned to this case to evaluate possible recusal.

11. The court may dismiss an action for failure to prosecute, contempt of court, or abusive litigation practices.  <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 916 (9th Cir. 1987).  Dismissal is proper where the party's conduct is due to willfulness, bad faith, or fault, and there is a nexus between the misconduct and the matters in controversy such that the rightful decision of the case is threatened.  <u>Anheuser-Busch v. Natural Beverage Distrib.</u>, 69 F.3d 337, 348 (9th Cir. 1995).  The court must weigh the following factors before imposing dismissal: 1) the public's interest in expeditious resolution of litigation;

2) the court's need to manage its docket; 3) the risk of prejudice to the party seeking sanctions; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic measures.  Id.  Dismissal ensures the integrity of the court's orders and the orderly administration of justice.  Halaco Engineering Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).

11. Quiroga was served with a copy of each of the court's orders (## 5, 6, 7, 8) requiring Quiroga to file a Certificate of Interested Parties and was given sufficient time to comply with the court's orders.

12. Quiroga has failed to prosecute this action and Quiroga's willful failure to file the Certificate as to Interested Parties and comply with the court's orders is an abusive litigation practice.  Quiroga's conduct has prevented the court from evaluating possible recusal, interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Quiroga has wilfully refused to comply with multiple court orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** this appeal be DISMISSED without prejudice.

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve specific written objections together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

Dated this 18th day of July, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE